UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN, 03-B-2443,

                              Plaintiff,

              -against-

ANTHONY J. ANNUCCI, Acting
Commissioner, et al.,

                              Defendants.

**ORDER**

20-CV-02004 (PMH)

PHILIP M. HALPERN, United States District Judge:

        This Court entered a Memorandum Opinion and Order on April 29, 2021 dismissing this action in its entirety under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Doc. 24).[1] The Clerk of the Court entered Judgment that same day and mailed to Defendant, along with a copy of the Memorandum Opinion and Order and Judgment, a Notice of Right to Appeal. (Doc. 25; Doc. 25-1). The Notice of Right to Appeal advised Plaintiff, in pertinent part, as follows:

> [y]ou must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket . . . . If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment . . . and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

(Doc. 25-1 at 1).

        Over nine months after the Judgment was entered, on February 9, 2022, Plaintiff filed with this Court: (1) a motion for extension of time to file a notice of appeal (Doc. 26); (2) a motion for leave to proceed *in forma pauperis* on appeal (Doc. 27); and (3) a notice of appeal (Doc. 28). On

---

[1] This decision is available on commercial databases. *See Gunn v. Annucci*, No. 20-CV-02004, 2021 WL 1699949 (S.D.N.Y. Apr. 29, 2021).

February 18, 2022, in compliance with the Court's directive, Defendants filed a response to Plaintiff's motions. (Doc. 30).

For the reasons set forth below, the motion for extension of time to file the notice of appeal is DENIED and the motion to proceed *in forma pauperis* on that appeal is, consequently, DENIED AS MOOT.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. App. R. P. 3(a)(1). Rule 4, in turn, requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. App. R. P. 4(a)(1)(A). This Court may, however, extend a party's time to file a notice of appeal when:

> (i) a party so moves *no later* than 30 days after the time prescribed by this Rule 4(a) expires; *and*

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A) (emphasis added). The authority granted to the Court under Rule 4(a)(5)(A) does not, by its terms, contemplate applications—such as this one—made *more* than thirty days after the time to file a notice of appeal has expired. *See Burns v. City of Yonkers*, No. 18-CV-04313, 2021 WL 3511106, at *1 (S.D.N.Y. July 15, 2021) ("[E]ven where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment."); *see also Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("[T]he court may not extend this grace period unless a party so moves *no later* than 30 days after the expiration of the original time to file a notice of appeal under Rule 4(a).

Thus, even assuming that [the plaintiff] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . ." (internal citations and quotation marks omitted, emphasis in original)).[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's untimely motion for an extension of time to file a notice of appeal is DENIED. Plaintiff's related request to proceed *in forma pauperis* on that same appeal is, accordingly, DENIED AS MOOT.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appealing this Order. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 26 and Doc. 27 and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         March 31, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[2] The motion might also be construed as an application to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). However, that relief may be granted only when the Court finds that: (1) the movant did not receive notice of the Judgment's entry within 21 days after entry; *and* (2) the motion is filed within 180 days after the Judgment's entry *or* within 14 days after the movant received notice of the Judgement's entry under Federal Rule of Civil Procedure 77(d) (whichever is earlier); *and* (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Here, because the motion is made more than 180 days after the Judgement was entered—even if Plaintiff could satisfy the other two prongs—the motion would still be denied as untimely.